991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda L. STRITTMATTER, Plaintiff-Appellee,
v.
COUNTY OF PORTAGE; Duane H. Dawson, Deputy No. 118 of
Portage County Sheriff's Office; P. Ken Howe,
Portage County Sheriff; Defendants-Appellants,
Monty L. Steele, et al., Defendants.
 No. 92-3148.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant Dawson entered plaintiff's residence and arrested her for "Disrupting Public Service," a third-degree felony in Ohio, because she allegedly had been forwarding her phone calls to the emergency line of the Portage County Sheriff's Department. Dawson had no warrant for either act. Defendants appeal the district court's denial of their motion for summary judgment based on their asserted defenses of qualified and absolute immunity. We affirm.
 
 
 2
 Judge Dowd has set out the facts of this case fully in his well-reasoned opinion below, No. 5:91 CV-0808, Jan. 13, 1992, and we will not repeat them at length here. We agree with him that there are genuine issues of material fact that preclude the entry of summary judgment for defendants. Deputy Dawson and Sheriff Howe raise a defense of qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982), in which the Supreme Court determined that a public official performing discretionary functions is immune from private lawsuits so long as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known. In Guercio v. Brady, 911 F.2d 1179, 1183-84 (6th Cir.1990), this court held that a public official is not entitled to qualified immunity if (1) plaintiff has identified a clearly established right that has been violated, and (2) reasonable public officials would have known that their respective conduct was undertaken in violation of that right.
 
 
 3
 The Supreme Court has held that "the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, the threshold may not be crossed without a warrant." Payton v. New York, 445 U.S. 573, 590 (1980). Plaintiff has presented evidence that Officer Dawson knew at the time of the warrantless entry and arrest that the dispatcher had successfully placed a call to plaintiff's residence. This successful call conclusively demonstrated that any call forwarding had been discontinued. Construing this evidence and all reasonable inferences to be drawn from it in the light most favorable to plaintiff, as we are required to do, Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), we cannot say as a matter of law that Dawson is entitled to qualified immunity. Defendants claim that even if Dawson knew the forwarding had been discontinued, he reasonably believed plaintiff might resume forwarding her phone calls, or destroy evidence of past forwarding, if he did not quickly enter and arrest her. However, Dawson took no steps to terminate any call forwarding in effect at the time he entered plaintiff's residence, or at any point during the next fifteen minutes while he waited for Officer Steele to arrive. Neither did he seek to obtain any evidence that call forwarding was occurring during this period. When we assume, for purposes of reviewing a summary judgment ruling, that the disputed issue of Dawson's knowledge of the successfully completed call to plaintiff's residence is resolved in plaintiff's favor, we find that no reasonable officer could have believed that exigent circumstances existed to justify the warrantless entry and arrest.
 
 
 4
 Neither has it been determined whether defendant Sheriff Howe was aware of the successful call to plaintiff's residence when he instructed Dawson to arrest plaintiff if she did not cooperate. Since knowledge of that call would seriously undermine any justification for ordering plaintiff's warrantless arrest, summary judgment would be improper. This fact issue must be resolved before the reasonableness of Howe's instructions can be determined.
 
 
 5
 Since Sheriff Howe and Prosecutor Aylward were individuals with final decision-making authority, defendant Portage County may be found liable for their conduct. Pembaur v. Cincinnati, 475 U.S. 470, 481-83 (1985). Plaintiff has asserted that Aylward's and Howe's instructions to Dawson to arrest her if she did not cooperate were not conditioned on any illegal misconduct. If Aylward and Howe were aware that a call had been successfully placed, and therefore that no crime was in progress, it would be possible to conclude that Dawson was instructed to effect a warrantless entry and arrest based on no more justification than plaintiff's mere refusal to comply fully with any demands placed upon her. Again, this factual issue must be resolved before the existence of any constitutional violation can be determined. Summary judgment for defendant Portage County was properly denied.
 
 
 6
 For these reasons, the order of the district court denying defendants' motion for summary judgment is AFFIRMED.